Although this is an appeal of a failure or a denial of allowing my client to withdraw his guilty plea, in essence what we're asking the court to do is really make it clearer than I think it already is, that drug quantity is an individual element that has to be asked of the defendant who is entering a guilty plea in federal court to a Title 21, 841, or 846 offense, where the statutory maximum and minimum relate to what that quantity is. I'm pretty sure Gonzales said that already. I hear that, but what that boils down to in real-world terms, here's what the defendant was told. The court asked the government to set forth the elements that would have to be proved beyond a reasonable doubt, exactly the elements that have to be proved beyond a reasonable doubt, and the prosecutor, Mr. Warren, said they'd have to prove that two or more persons entered a conspiracy to possess substances and mixtures containing a detectable amount of 280 grams or more of mixtures and substances containing, et cetera. And what you're suggesting is that's not enough, because what should have been said is we'd have to prove, A, that you had cocaine, B, that it was 280 grams or more, and whatever, and C, that you agreed with other people to do that, and each of those. And after each of those, the court really should say, Mr. Jean-Baptiste, do you understand that one, that that has to be proved beyond a reasonable doubt, and what about the second one, and what about the third one, and have three questions, then, instead of one? Well, if I could stop you. There are two things. One is informing the defendant, and that's the first part of the Gonzales test. If there wasn't a jury trial, the defendant has to be informed that the elements have to be proven beyond a reasonable doubt or admitted by the defendant. That's the informing part. I don't have a problem with that in this case. The other part is drawing the admission from the defendant. And the problem, in my view, with jumbling- But then in that one, on that half of it, he signed a document which says we are stipulating that there was 280 grams or more. And he was asked, did you read that document, and you signed it, and you understand what's in it? I think it's pretty clear from the line of cases, Gonzales, Adams, Culbertson, and Freeman, that relying on something, in a sense, apart and separate, including a plea agreement, is not enough, that the judge is required, under the initial test of Gonzales, to make sure that, in the allocution to the judge, not in a plea agreement or some other way, that he makes the admission that the quantity- But he doesn't have to make the admission at all if there is other evidence in the record that demonstrates. If there has to be a factual basis for the plea, it doesn't have to come specifically from him. But I think he has to agree that the other evidence is something he doesn't contest. See, Gonzales- And stipulating to it in a plea agreement and saying that you read it and understood what's in it, that you were stipulating to this, is not sufficient? I would say it's not sufficient because, unless, again, the judge specifically asked him, in this plea agreement, did you admit the quantity was over 280 grams? And the defendant says yes. Okay, I understand your position. Well, what about his admissions at the Fatico hearing, where he admitted that on a good week, he would sell 30 grams. Sure. And on a bad week, he would sell 10 grams a week or every other week. Even if you do the math, even if he had a bad week for an entire two years, that's still the amount he pled to. The answer to that is that it's very clear in, again, those four cases I cited, starting with Gonzales, that it's the plea allocution alone that you rely on, not things that happen later. In Adams, I think, specifically, they talked about the fact that other evidence came later or that the trial judge tried to correct the problem by having other evidence show what the quantities were. And the court found that was not sufficient. Would you agree that the statements he made during the Fatico hearing at least provided an adequate basis for accepting the plea and not? Well, I would almost agree because my client says that, as was brought up in pre-sentencing but post-Fatico hearing stuff that's in the record. My client's position was they were counting the years wrong. A year could be December 2014 to January 2015, which might only be four weeks or eight weeks. He claims that he didn't really mean to say all that. But yes, I agree that that's an interpretation. Well, he may not have meant to say it, but he said it under oath, right? I agree that it could be interpreted that way. But all I'm saying, this is in a sense hyper-technical, but all I'm saying is that doesn't affect the plea allocution. That all happened way after the plea allocation. It's the plea allocation for it to be sufficient under Gonzales that he has to admit the quantity. And even in the Freeman case, which discussed the harmless error aspect of it, which the other cases had simply said, this failure is not harmless error because it affects substantial rights. In the Freeman case, Judge Sullivan sort of put a nuance on that to say that, yes, the government has the burden to show that it affects substantial rights. And they can use the entire record to do that. But that did not change the fact that the other cases, Gonzales, Adams, and Culbertson said that you don't look at the entire record. You look at what happened at the allocation. Because for a defendant to subject himself to the penalties, in this case, a mandatory minimum penalty of 10 years, he has to specifically admit that he agrees with that element, that that element is provable beyond a reasonable doubt. And he was never really asked to do that. He was told it has to be, but he wasn't asked, does he agree that that's the case. So it's not enough, as Judge Lynch asked you earlier, I believe. Do you understand that in Count 6, Mr. Batiste, you're charged with, from 2008 until February 2017, conspiring to distribute and possess with intent to distribute 280 grams and more of cocaine-based detectable amount of heroin and an amount of marijuana. Do you understand that? Yes, sir. And do you understand that if you did not plead guilty, the government would have to prove each and every part or element of the charge in the indictment beyond a reasonable doubt at a trial? Yes, sir. That's not enough. That and the stipulation is not enough. No, because he didn't take the final step and say, do you agree that if the government were required to prove this, that this case did involve more than 280 grams. Okay. Thank you so much. I think under Gonzalez, those are not alternatives. You have to do both, inform and elicit the admission. Okay. Thank you so much. We'll hear from you on rebuttal. Thank you. May it please the Court. Ms. Comey. Yes, thank you. May it please the Court. Maureen Comey on behalf of the United States. The judgment of conviction should be affirmed. First, with respect to the nature of the offense, the record makes very clear that the defendant was advised multiple times orally and in writing that the charge relevant here charged him with a conspiracy to distribute at least 280 grams of crack cocaine. As I believe Mr. Nutter just conceded, the record is quite clear on that point. Both Judge Stein and the prosecutor articulated the 280-gram threshold as an element of the offense to be proved at a trial beyond a reasonable doubt. That is all that Rule 11 requires. Second, as to the factual basis for the plea, the defendant signed a plea agreement, which, as Judge Lynch pointed out, expressly stipulated that the conspiracy that he participated in involved between 280 grams and 840 grams of crack cocaine. Again, that alone is sufficient to find that there was an adequate factual basis for the plea and that Judge Stein did not abuse his discretion when accepting the plea or when denying the motion to withdraw the plea. With respect to the fact that- What is the single best case that we should look at that would document what you just said? That is that the signing of the plea agreement that contains the stipulation is enough for the factual basis? Your Honor, I think the Adams case makes that quite clear in that the Adams case articulates multiple different ways that a district court can conclude whether there's an adequate factual basis. In that case, the panel found that the plea agreement did not include a factual stipulation and that is why the court found that the allocution was insufficient and the record was insufficient. I think the inverse inference can be drawn from the Adams case, which is that where there is, in fact, a factual stipulation as opposed to just a recitation of the charge in the indictment, that that is sufficient alone for the court to conclude that there's an adequate factual basis. As we point out in our papers, though, that's not the only factor that this court needs to rely on or the only factor that Judge Stein relied on. There was also the allocution that the defendant provided where he admitted to selling crack cocaine for years between 2008 and 2017 with multiple other people. Although he did not say the magic number of 280 grams, it was entirely reasonable for Judge Stein to take that long period of time the defendant admitted to selling crack with others in conjunction with the plea agreement to find an adequate factual basis. And again, I think he was well within his discretion when making that determination. With respect to the FATICO hearing, even if the court only considers the record at the time of the plea, were the court to find that there were some concern about the Rule 11 proceeding, which, as I've stated, we don't believe there is any concern, but that FATICO hearing makes clear beyond a reasonable doubt that had Mr. Jean-Baptiste been asked the question at the Rule 11 proceeding about whether he had distributed more than 280 grams of crack, he would have said yes. We know that because we know exactly what happened when Judge Stein did ask him those relevant questions at the FATICO hearing. So for those reasons, we ask that the judgment be affirmed. Unless the court has any further questions for me, I'll rest on our papers. Thank you. Thank you. Mr. Nutter, you've got two minutes. Yes, I probably don't need that much. The Adams case at 448 Fed 3rd, I think it's 502, is the language that talks about the plea agreement. And I think it's a little ambiguous, but it does seem to say that the court was not at liberty to accept such an agreement in the absence of a factual basis supporting it. So what is the factual basis supporting it if the agreement just says it? My position is it really focuses on the allocution. The judge has an obligation to get it all correct, get it clear at the allocution. And while this was otherwise a very careful allocation with all the other elements, the one element that Judge Stein failed to ask about was whether he agreed that that was the quantity. And in the cases where that's happened, we don't have any problem. And I think the court should just make clear, however the decision comes down on whether this case is reversed or not, but that the court should make clear that that would be the thing that would save all of these pleas from this difficulty.